UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| BUENA VISTA RANCHERIA OF ME-WUK INDIANS, a federally recognized Indian tribe,<br><br>Plaintiff,<br><br>v.<br><br>PACIFIC COAST BUILDING PRODUCTS, INC., a California corporation, PCBP PROPERTIES, INC., a Nevada corporation, and H.C. MUDDOX, a corporate subsidiary of Pacific Coast Building Products,<br><br>Defendants. | No. 2:23-cv-00168 WBS CKD<br><br><br>MEMORANDUM AND ORDER RE: DEFENDANTS' MOTION TO DISMISS[1] |

----oo0oo----

The Buena Vista Rancheria of Me-Wuk Indians ("plaintiff") brought this action against Pacific Coast Building Products, Inc., PCBP Properties, Inc., and H.C. Muddox (collectively "defendants"), asserting claims for nuisance and

---

[1] The court takes this motion under submission on the papers, without oral argument, pursuant to Local Rule 230(g).

1

trespass under federal common law.  (See generally Compl. (Docket No. 1).)  Before the court is defendants' motion to dismiss.[2]  (Docket No. 8.)

I.   Factual Allegations

Plaintiff occupies the Buena Vista Rancheria -- a 67.5-acre Rancheria[3] property in Amador County.[4]  (Compl. ¶ 13.)  Plaintiff describes the Rancheria as "the Tribe's cultural epicenter, source for economic development, and natural resource management."  (Id. ¶ 23.)  Within the boundaries of the Rancheria

---

[2]  Defendants also request that the court take judicial notice of: (1) various forms filed in connection with their proposed mining project application (Exhibits 1 and 2); (2) a copy of a map of defendants' mine (Exhibit 3); (3) Google Earth satellite images of the properties involved in the dispute (Exhibit 4); and (4) sections of the Amador County Code (Exhibits 5 and 6).  (See Req. for Judicial Notice (Docket No. 8-3).)  Defendants' request for judicial notice of the Amador County Code (Exhibits 5 and 6) is granted because such documents are a matter of public record not reasonably subject to dispute.  The request for judicial notice of the map of the mine (Exhibit 3) is granted as plaintiff relies on the same map in its complaint.  However, the remaining requests are denied because consideration of the documents for which defendants seek notice is unnecessary to the court's resolution of the instant motion.

[3]  The United States created "Rancherias" -- a network of small land parcels -- for landless Indian tribes in California.  (See Compl. ¶ 13.)

[4]  In 1927, the United States purchased the land constituting the Buena Vista Rancheria.  (Compl. ¶ 13.)  In 1958, Congress disestablished many California Indian rancherias, including the Buena Vista Rancheria, and terminated the legal status of the related Indian tribes and their members.  (Id. ¶ 14.)  The land comprising the Buena Vista Rancheria was distributed to individual tribal members.  (Id.)  The United States then withdrew the trust status of the Buena Vista Rancheria and dissolved the Rancheria boundaries.  (Id.)  In 1983, the United States restored the Tribe's status as a recognized Indians under federal law and the Tribe was added to the Federal Register list of recognized Indian tribes.  (Id. ¶ 16.)  In 2021, the Bureau of Indian Affairs ("BIA") placed the Rancheria lands back into trust.  (Id. ¶ 21.)

2

1    is: the Harrah's Northern California casino (the "Casino"),
2    drinking and wastewater treatment plants, a cultural center, two
3    homes, a Tribal office, the Tribal cemetery, traditional
4    gathering places, and a federally recognized wetland preserve.
5    (Id.)  The Casino has been in operation since April 2019 and is
6    the primary source of revenue for the Tribe.  (Id. ¶¶ 33, 34.)

7         Defendant PCBP Properties, Inc. owns 114.27-acres of
8    surface mining property known as the "Berry Mine" on the PCBP
9    Property.  (Mot. at 8.)  The Berry Mine is directly adjacent to
10   the east of the Tribe's Rancheria.  (Compl. ¶ 35.)  Portions of
11   the PCBP Property have been used for mining intermittently since
12   at least 1976.  (Id. ¶ 38.)

13        On or about September 13, 2022, defendants informed
14   plaintiff that they intended to expand its surface clay mining
15   operation on the PCBP Property to a 40.1-acre section of the
16   property.  (Id. ¶¶ 41, 42.)  On December 16, 2022, defendants
17   told plaintiff that their new mining operation would commence as
18   soon as they receive approval from the County.  (Id. ¶ 42.)
19   Defendants also informed plaintiff of their belief that they
20   could begin new mining operations on an area of the PCBP Property
21   located less than 250 feet from the Rancheria boundary at any
22   time and without County approval.[5]  (Id. ¶ 43.)  Amador County
23   and defendants maintain the right to conduct new mining operation
24   under Section 7.36 of the County Code because mining occurred on

---

[5] Plaintiff does not allege that defendants have a plan to mine the area of the PCBP Property that is 250 feet from the Rancheria boundary.  Rather, plaintiff alleges that defendants have expressed their belief that they can legally mine the area at any time without County approval.

3

the land prior to January 1, 1976.[6]  (Id. ¶ 39.)

Plaintiff alleges numerous harms will flow from defendants' new mining operation, including that the operation will: (1) create significant noise and vibration; (2) reduce the number of guests coming to the Casino; (3) cause health risks to the Tribe as well as the Casino's employees and guests; (4) impact air quality; (5) impact groundwater and federally protected wetlands; and (6) disturb or destroy grave-like structures and other objects of cultural patrimony.[7]  (Id. ¶¶ 51-55.)

II. Discussion

Among other grounds, defendants seek to dismiss the complaint on the ground that plaintiff's claims are not prudentially ripe under Rule 12(b)(1).  The ripeness doctrine prevents premature adjudication where a case has had no concrete impact on the parties. Exxon Corp. v. Heinze, 32 F.3d 1399, 1404 (9th Cir. 1994).  "[R]ipeness doctrine is drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction." Reno v. Catholic Soc. Servs., Inc., 509 U.S. 43, 57 n.18 (1993).  Because ripeness pertains to a federal court's subject matter jurisdiction under

---

[6]  Amador County Code 7.36.070 provides: "Nothing in this chapter shall be construed as requiring the filing of a reclamation plan for or the reclamation of mined lands which were disturbed by surface mining operations conducted prior to January 1, 1976."

[7]  "Cultural patrimony" is defined as "an object having ongoing historical, traditional, or cultural importance central to the Native American group or culture itself . . . ." Native American Graves Protection and Repatriation Act, 25 U.S.C. § 3001(3)(D).

4

Article III of the United States Constitution, it is properly raised in a motion to dismiss under Fed. R. Civ. P. 12(b)(1). See St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989) (ripeness goes to a federal court's subject matter jurisdiction).

In assessing a prudential ripeness claim, as defendants argue here, courts generally consider two factors: (1) "the fitness of the issues for judicial review" and (2) "the hardship to the parties of withholding court consideration." Alaska Right to Life Pol. Action Comm. v. Feldman, 504 F.3d 840, 849 (9th Cir. 2007) (citation and quotations omitted). Defendants argue that the Tribe's claims are not ripe because they are based on the contingent event of the County approving its application and the application has not yet been reviewed.[8] (Mot. at 24.) The court agrees. See Mt. Adams Veneer Co. v. United States, 896 F.2d 339, 343 (9th Cir. 1989) ("Where, as here, injunctive relief and a declaratory judgment are sought with regard to an administrative determination, the courts traditionally have been reluctant to grant such relief unless there is a controversy ripe for judicial resolution.").

A challenged government action must be final before the action is ripe. See United States v. Braren, 338 F.3d 971, 975 (9th Cir. 2003) (citation omitted). Generally, courts in the Ninth Circuit "will not entertain a petition where pending administrative proceedings or further agency action might render the case moot and judicial review completely unnecessary." Sierra Club v. U.S. Nuclear Regul. Comm'n, 825 F.2d 1356, 1362

---

[8] Defendants filed their application with Amador County on March 8, 2023. (Mot. at 17.)

5

1  (9th Cir. 1987) (citations omitted).  Compare Del Monte Dunes at
2  Monterey, Ltd. v. City of Monterey, 920 F.2d 1496, 1501 (9th Cir.
3  1990) ("[A] claim is not ripe until the local government issues a
4  final decision on the application of land use regulations to the
5  affected property.") (citation omitted); Wash. Trout v. FERC, 60
6  F. App'x 693, 694 (9th Cir. 2003) (finding case was not ripe
7  where the FERC was still evaluating a facility's license and had
8  not made a final decision), with Assiniboine & Sioux Tribes of
9  Fort Peck Indian Rsrv. v. Bd. of Oil & Gas Conservation of State
10 of Mont., 792 F.2d 782, 789 (9th Cir. 1986) (finding claims ripe
11 where the Bureau of Land Management had approved orders affecting
12 tribal lands); Pacificans for Scenic Coast v. Cal. Dep't of
13 Transp., 204 F. Supp. 3d 1075, 1091 (N.D. Cal. 2016) (finding
14 claims ripe where "Caltrans has engaged in final agency action on
15 behalf of the Federal Highway Administration by giving
16 environmental approval to the project").

17         Here, defendants' ability to commence their new mining
18 operation is contingent on approval of the mining project
19 application by the County as well as review by the U.S. Army
20 Corps of Engineers.[9]  Because approval of the new mining project
21 is not yet final, plaintiff's claims seeking to enjoin the
22 project are not ripe.  See Ass'n of Am. Med. Colls. v. United
23 States, 217 F.3d 770, 780 (9th Cir. 2000) ("The core question is

---

[9] PCBP Entities must submit an aquatic resources delineation (identifying the amount and boundaries of aquatic resources) to the U.S. Army Corps of Engineers to determine whether any waters of the United States will be impacted by the new mining project.  (Mot. at 24.)  If any water may be impacted, defendants will have additional administrative steps, including the creation of reports, in order for the Corps of Engineers to process the requested permit.  (See id.)

whether the agency has completed its decisionmaking process . . . .") (citation omitted).  Plaintiff is free to refile their complaint if and when defendants' project is approved by the County and the Corps of Engineers or if defendants should take any actions for mining the PCBP Property inconsistent with the court's understanding of the administrative prerequisites for such actions as expressed in this Order.

IT IS THEREFORE ORDERED that defendants' motion to dismiss (Docket No. 8) be, and the same hereby is, GRANTED.  Plaintiff has twenty days from the date of this Order to file an amended complaint, if it can do so consistent with this Order.

Dated:  June 12, 2023

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

7